Filed 8/8/23  P. v. Mason CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091626 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE20080010260, SF110292A) |
| v. | |
| CHAUNCEY LEE MASON, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Chauncey Lee Mason appeals the trial court's order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1]  (Statutory section citations that follow are found in the Penal Code unless

---

[1] Defendant originally filed his petition under former section 1170.95.  Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2)

1

otherwise stated.) Appointed counsel filed an opening brief that set forth the relevant procedural history of the case and asked this court to review the record and determine whether any arguable issues on appeal exist. (*People v. Wende* (1979) 25 Cal.3d 436.) We dismissed that appeal as abandoned and our Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

On April 7, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant that if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned.

Defendant filed a supplemental brief arguing the Legislature did not intend to exclude an "actual perpetrator" from relief under section 1172.6. Having considered defendant's argument, we will affirm the trial court's order.

We note that defendant's supplemental brief also purports to address the denial of a writ of habeas corpus he allegedly filed in the trial court on March 2, 2023, and which was supposedly denied on March 17, 2023. But no such writ or denial are included in the appellate record, and defendant's notice of appeal states only that he is appealing the court's "Penal Code 1170.95" ruling. Accordingly, we do not address defendant's unsupported writ claim.

---

amended section 1170.95, and, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (See Stats. 2022, ch. 58, § 10.) We refer to section 1172.6 throughout this opinion.

FACTS AND HISTORY OF THE PROCEEDINGS

In December 2008, defendant was indicted for first degree murder (§ 187; count 1) with alleged special circumstances that he committed the murder using a destructive device (§ 190.2, subd. (a)(6)) during the commission of arson (§ 190.2, subd. (a)(17)), and for willfully and maliciously igniting and exploding a destructive device causing death (§ 12310, subd. (a); count 2). During opening statements at trial, the prosecutor alleged the evidence would show defendant threw a lit bottle of gasoline (also known as a Molotov cocktail) that engulfed the three-year-old victim, causing severe burns over most of his body and resulting in the victim's death five years later. The prosecutor further alleged that the evidence would show defendant had confessed to law enforcement that he had made and thrown the Molotov cocktail that killed the victim.

Following the prosecutor's opening remarks, defendant agreed to plead guilty to first degree murder in exchange for 25 years to life in state prison and dismissal of the remaining charges and special circumstance allegations. Defendant stipulated to the prosecutor's opening statement as the factual basis for his plea. At the change of plea hearing, defense counsel also requested that the police report in which defendant confessed to making and throwing the Molotov cocktail be included in the prison packet for future reference. The trial court sentenced defendant to the stipulated 25-years-to-life term.

In July 2019, defendant filed a petition for resentencing under section 1172.6 and requested the appointment of counsel. Defendant's form petition alleged that a complaint, information or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he pleaded guilty to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder under those theories, and that he could not now be convicted of first or second

degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant also checked boxes alleging the victim was not a peace officer and that he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony murder doctrine and that he could no longer be so convicted given the recent legislative changes to section 188.

The People opposed the petition, arguing defendant failed to state a prima facie case for relief because he was the actual killer. They attached the transcript of defendant's change of plea hearing, the transcript of the prosecutor's opening statement at trial, which served as the factual basis for defendant's plea, and defendant's confession to police, which defense counsel had also asked to be included in discussing the plea's factual basis. Defendant's appointed counsel filed no reply to the People's opposition.

In a January 2020 written decision, the trial court denied the petition after finding defendant was not entitled to relief as a matter of law because the court's file and the People's response showed defendant was the actual killer. Defendant timely appealed.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) In *Wende*, our Supreme Court held that, "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at

4

pp. 221-222.)  The Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so.  (*Id*. at p. 232.)

Applying *Delgadillo* here, we turn to defendant's contention in his supplemental brief that section 1172.6 does not preclude relief for the "actual perpetrator," i.e., the actual killer.

It is well settled that section 1172.6 precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator and actual killer.  In *Delgadillo, supra*, 14 Cal.5th at page 233, for example, our Supreme Court found that the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing."  (See also *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator and the actual killer]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48 [petition for resentencing may be summarily denied when, without weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)

Here, the record of conviction unequivocally shows that in pleading guilty to first degree murder defendant stipulated to the following facts as recounted by the prosecutor in his opening statement as the factual basis for his plea:  Defendant made and lit a Molotov cocktail on fire and threw it near the minor victim, engulfing the victim in flames and eventually killing him.  (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120 [prosecutor's comments reciting alleged facts underlying conviction occurring immediately before the court accepted the defendant's guilty plea were part of the record

of conviction]; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350 [plea change transcript constitutes part of record of conviction].) Defendant does not contend otherwise.

As the actual killer, defendant is not entitled to relief as a matter of law. (§ 1172.6; *Delgadillo, supra*, 14 Cal.5th at p. 233.) And contrary to his contention, nothing in Senate Bill 775 amended section 1172.6 to provide resentencing relief for actual killers. Thus, the trial court properly denied defendant's petition at the prima facie stage.

DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

---

HULL, J.

We concur:

---

EARL, P. J.

---

DUARTE, J.

6